IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JASON PAUL SCHAEFER | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-440 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Jason Paul Schaefer, an inmate currently confined at USP Coleman II, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Petition

Petitioner challenges a disciplinary conviction relating to Incident Report Nos. 3576081 and and 3578205 (doc. # 1). Petitioner alleges discrimination and the denial of due process as he was not provided copies of the discipline hearing officer's ("DHO")" findings. As a result, he was unable to appeal the proceedings. Petitioner complains that his custody security level was mistakenly raised and requests the court expunge the disciplinary conviction, restore his loss of good conduct time, and lower his security level.

Respondent was ordered to show cause and initially filed a Motion for Summary Judgment, arguing Petitioner failed to exhaust his administrative remedies (doc. # 8). Petitioner filed a Reply (doc. # 15), a Cross-Motion for Summary Judgment (doc. # 16), a Motion for Equitable Tolling

and/or for Timely Filing (doc. # 17), and a Statement of Facts (doc. # 18). On April 24, 2023, Respondent filed a Motion to Dismiss, informing the court that Petitioner's convictions were overturned and expunged and his good conduct time restored (doc. # 19). Despite requesting an extension of time to file a Reply, which was granted on May 22, 2023, Petitioner has yet to do so (doc. # 20).[1]

## Analysis

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue a writ of habeas corpus as to an individual in custody in violation of the Constitution or laws or treaties of the United States. Here, Petitioner requests expungement of a disciplinary report, reinstatement of his good conduct time, and restoration of his security level. Petitioner's request for habeas relief is now moot because the report has been expunged and his good conduct time restored.[2]

A court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) if the court lacks statutory or constitutional authority to adjudicate a case. The United States Constitution, Article III, Section 2, Clause 1, requires the existence of a case or controversy to support a federal court's jurisdiction. *Spencer v. Kemna*, 118 S.Ct. 978, 983 (1998). A case becomes moot "when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Commission v. Geraghty*, 455 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A § 2241 motion is rendered moot when the court cannot grant the relief requested by the moving party. *Salgado v. Federal*

---

[1] Petitioner was given an additional 30 days to file his reply (doc. # 21).

[2] Respondent does not state that his security level has been restored. In his Motion for Extension of Time to file a Reply, Petitioner expressed concerns about his custody security level still being raised. Despite an additional 30 days to file his Reply, Petitioner has failed to do so. At this juncture, the undersigned presumes the custody security level was restored.

*Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Because Petitioner has received the relief he requested, he can no longer satisfy the case or controversy requirement of Article III of the Constitution.

### Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed as moot.

### Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge